UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENN PADGETT

    Plaintiff,

vs.

HUNTER WARFIELD, INC.,

    Defendants.

_____/

CASE NO. 3:16 CV 1086-J-34MCR

FILED 2016 AUG 25 PM 2:43 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DISTRICT

## COMPLAINT

Plaintiff, Glenn Padgett ("Plaintiff"), alleges the following Complaint against Defendant, Hunter Warfield, Inc. ("Defendant").

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 §§ *et seq.* ("FDCPA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1962 *et seq.*

2. This Court has supplementary jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims, including his claims under the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and where Defendant transacts business in this District).

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, Duval County. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8), 15 U.S.C. § 1692a(3), and Fla. Stat. § 501.203(7).

5. Defendant is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" for purposes of the FCCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred and defaulted on a personal debt with his former landlord. The alleged debt arose when Plaintiff's former landlord contended that Plaintiff left smoke damage in Plaintiff's former residence when he vacated the premises.

8. Plaintiff denies that he owes the alleged debt, but to the extent the alleged debt is valid it is a consumer debt as defined by the FDCPA because the debt was incurred primarily for Plaintiff's personal, family, or household uses.

9. At some point after the subject debt was allegedly incurred, Defendant was retained to collect the subject debt from Plaintiff.

10. On or around April 14, 2016, Defendant sent Plaintiff a letter in an attempt to collect the subject debt ("Subject Letter"). The Subject Letter is attached as **Exhibit A**.

11. In the Subject Letter, Defendant states the "Amount Due $1,496.34".

12. In the Subject Letter, Defendant stated that there was $0.00 in interest regarding the subject debt.

13. However, the Subject Letter also stated that "[b]ecause interest *continues* to accrue on your account, the amount due on the day that you pay may be greater than the balance due set forth above" (emphasis added).

14. The word "continues" is misleading and confusing in that it insinuates interest has already accrued on the subject debt. However, the letter also states there is no interest due. Thus, the two statements are contradictory in nature and are patently misleading on their face to a least sophisticated consumer because they mischaracterize the character of the debt and confuse Plaintiff in regards to what amount of the $1,496.34 debt consists of interest, if any.

15. Moreover, because of Defendant's "interest continues to accrue" deceptive contradictory language, an unsophisticated consumer would be confused to interpret the "Amount Due $1,496.34" as either a dynamic or static amount.

16. Defendant had no legal right – and Defendant knew it had no legal right – under the residential/lease agreement between Plaintiff and the original creditor to charge interest on the subject debt.

17. The statement that Defendant would "continue" to charge Plaintiff interest constitutes a threat to take an action that Defendant could not legally take and/or did not intend to take.

18. In addition, Defendant's agents call Plaintiff on multiple occasions in an attempt to collect the subject debt. During these phone calls, Defendant's agents were rude to Plaintiff and hung up on Plaintiff on at least one occasion. The referenced telephone calls, along with Defendant's confusing and misleading attempts to collect interest when Defendant had no legal right or ability to collect interest, had the natural consequence of abusing and harassing Plaintiff.

## COUNT I

## VIOLATIONS OF THE FDCPA

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though stated fully herein.

20. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692g(a)(1).

21. Consequently, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.*

22. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully stated herein.

23. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla Stat. 559.72(9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

24. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, plus actual damages and his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: 8/2/16

                          **DISPARTI FOWKES & HASANBASIC, P.A.**

                          Ryan C. Hasanbasic, Esq.
                          Fla. Bar No. 044119
                          Ryan@DispartiLaw.com
                          Paul R. Fowkes, Esq.
                          Fla. Bar No. 723886
                          Paul@DispartiLaw.com
                          2154 Duck Slough Blvd.
                          Suite 101
                          Trinity, Florida 34655
                          (727) 943-3202
                          (727) 943-3203 (Facsimile)
                          *Attorneys for Plaintiff*